### In re BACH'S ESTATE.

(Surrogate's Court, New York County. November 21, 1911.)

1. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL OF STOCK—VALUE.
   While the amount of dividends paid on stock is not controlling evidence of its value, it may be considered in ascertaining, for the imposition of transfer taxes, the value of a stock, which is not commonly bought and sold in the open market.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

2. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL OF STOCK—VALUE.
   In determining the value of corporate stock for the imposition of transfer taxes, a deduction should be made from the book value on account of the loss of the services of the deceased who took an active interest in the management of the corporation.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the estate of Sigmund J. Bach. Appeal from the appraisal for the transfer tax. Appraiser's report remitted to him for correction.

Wolf & Kohn, of New York City (Sol Kohn, of New York City, of counsel), for executors.

Thomas E. Rush, of New York City (John S. Jenkins, of New York City, of counsel), for State Comptroller.

FOWLER, S. Decedent died in November, 1909, a resident of the county of New York. At the time of his death he owned 1,278 shares of the preferred and 1,060 shares of the common stock of Semon, Bach & Co. These holdings represented a majority interest in the corporation. In the affidavit of assets submitted to the appraiser by the executor of the estate the value of the common stock was given at $35 per share.

[1, 2] The expert accountant employed by the State Comptroller, after a thorough examination of the books of the company, submitted a statement showing that the intrinsic value of the common stock at the date of decedent's death was $73.59 a share. In the report filed by the transfer tax appraiser in this court he has appraised this stock at $20 a share. The stock was not listed upon any exchange, and it was not commonly sold upon the market. It paid a dividend of 15 per cent. in 1907 and 20 per cent. in 1909. No dividends were paid in 1908. While the amount of dividends paid on a stock is not controlling evidence of its value (Matter of Smith, 71 App. Div. 602, 76 N. Y. Supp. 185; Matter of Curtice, 111 App. Div. 230, 97 N. Y. Supp. 444, affirmed 185 N. Y. 543, 77 N. E. 1184), it may be taken into consideration in estimating the value of a stock which is not commonly bought and sold in the open market. The intrinsic value of the stock as ascertained by the expert accountant appears to be a conservative estimate, but as the statute requires the appraiser to appraise the stock at its clear market value it may fairly be assumed, in view of the fact that the decedent took an active interest in the management of the company and had an established reputation in connection with the business conducted by the company, that the market value of this block of stock after his death would be slightly less than the book value. I feel, therefore, that in estimating the market value of this inactive stock some deduction from the book, or intrinsic, value should be made, and it appears to me that 20 points would be a fair deduction. I, therefore, find that the fair market value of the 1,060 shares of common stock of Semon, Bach & Co. held by the decedent at the time of his death was $53.59 a share.

The appraiser's report will be remitted to him for correction accordingly.