### In re CRERAND'S ESTATE.

#### (Surrogate's Court, New York County. June 29, 1914.)

TAXATION ⬥⟶895—INHERITANCE TAX—VALUE OF CORPORATION'S ASSETS—DEDUCTION OF SALARY FROM PROFITS.

Where the corporation which decedent managed, and whose entire stock he owned, showed a profit of $18,000 for each of the five years preceding decedent's death, in addition to the $5,000 per year drawn by decedent, a fair allowance might be made to decedent by way of salary for his management in reduction of profits, and where one half was so allowed, the remaining half stood as the value of the good will of the corporation, which amount, added to the value of its tangible assets, gave the value of all the corporation's assets, on which the transfer tax should be assessed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬥⟶895.]

In the matter of the estate of William F. Crerand. Appeal by the executrix from the transfer tax appraiser's report and the order entered thereon. Order fixing tax reversed, and appraiser's report remitted to him for correction.

See, also, 158 App. Div. 930, 143 N. Y. Supp. 1111.

Thomas E. Rush, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for State Comptroller.

Earle & Russell, of New York City (George W. Olvany, of New York City, of counsel), for petitioner.

COHALAN, S. This is an appeal by the executrix from the transfer tax appraiser's report, and the order entered thereon, on three grounds, two of which have since been abandoned, leaving the third

ground, namely, the valuation of the corporation known as William F. Crerand & Co., to be disposed of.

The decedent died the owner of the entire stock of this, a corporation engaged in the business of publishing two trade journals. The appraiser fixed the value of this good will at the sum of $100,000, basing this on the profits for the five years preceding decedent's death at an average of $20,000 per year. The appraiser's finding in this respect was incorrect. On the testimony the profits should have been $18,000 for each of these years, or $90,000. The executrix entered into a contract to sell the corporation for $125,000. This resulted in the payment of $15,000 by the person with whom the contract was made, and a default as to the payment of the balance, which was to have been from the earnings of the corporation for a period of years. The assets of the corporation, as well as its good will, only realized the sum so paid and the further sum of $5,000, which was received from the sale of one of the two papers published by the corporation.

· An examination of the report and proofs thereto annexed convinces me that a fair allowance to the decedent by way of salary for his management of the corporation for the five years preceding his death should be made. Matter of Rees, 208 N. Y. 590, 102 N. E. 1112; Matter of Bach, 147 N. Y. Supp. 229. From the testimony herein I think this allowance in this case ought to be at the rate of at least one-half of the profits for the period in question. These were, as above stated, $90,000, to which should be added $25,000, the amount drawn by Mr. Crerand for said years at the rate of $5,000 per year, making in all $115,000. One half of this going to decedent as salary leaves the other half, $57,500, an average profit of $11,500 for each of the five years, as the value of the good will of the corporation. This amount, added to the value of the tangible assets, to wit, $21,297.01, gives $78,797.01 as the value of all the assets of the corporation.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.